**No. 39629.**—Protests 548581–G, etc., of Charles Baum Co. et al. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of flasks, sprinklers, atomizers, and boxes chiefly used in the household for utilitarian purposes or hollow ware. The claim at 40 percent under paragraph 339 was therefore sustained. *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445), *Dow* v. *United States* (id. 282, T. D. 46816), and *Rice* v. *United States* (T. D. 49373) cited.

**No. 39630.**—Protests 883813–G, etc., of New York Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the atomizers in question are similar to those the subject of *Rice* v. *United States* (T. D. 49373). The claim at 40 percent under paragraph 339 was therefore sustained.

**No. 39631.**—Protest 943459–G of Rockwood & Co. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of candy molds the same as those the subject of Abstract 23492. The claim at 27½ percent under paragraph 372 was therefore sustained.

BEFORE THE THIRD DIVISION, OCTOBER 17, 1938

**No. 39632.**—Protest 517539–G of S. Hata Shoten (Honolulu).

Opinion by EVANS, J. From the record it was found that duty was paid in excess on straw matting and that the amount of the merchandise was 30 pieces instead of 40 pieces. The protest was sustained accordingly.

**No. 39633.**—Protest 834390–G of Kallman & Morris, Inc. (New York).

Opinion by KEEFE, J. It was found that the cord and seal fastened to the gown in question had been severed and replaced and the examining official refused to sign the certificate of identity. It was established that the model who exhibited the gown to customers severed the cord inadvertently and personally sewed the cord with the seal back on the garment. The protest was sustained. Abstract 40084, *Stiebel* v. *United States* (T. D. 48394), and *Bonwit Teller* v. *United States* (T. D. 49322) cited.